HEATHER E. WILLIAMS, #122664
Federal Defender
DOUGLAS J. BEEVERS, # 288639
Assistant Federal Defender
801 I Street, 3rd Floor
Sacramento, CA  95814
Telephone: (916) 498-5700

Attorney for Defendant
LAMONTE ESHAWN PERCOATS

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) Case No.  2:20-cr-00226-MCE |
| | ) |
| Plaintiff, | ) STIPULATION AND ORDER TO VACATE |
| | ) STATUS CONFERENCE AND SET CHANGE |
| v. | ) OF PLEA HEARING |
| | ) |
| LAMONTE ESHAWN PERCOATS, | ) |
| | ) Date: April 15, 2021 |
| Defendants. | ) Time: 10:00 a.m. |
| | ) Judge: Hon. Morrison C. England |

        IT IS HEREBY STIPULATED by and between Phillip A. Talbert, Acting United States

Attorney, through Jill M. Thomas, Assistant United States Attorney, attorney for Plaintiff,

Heather Williams, Federal Defender, through Assistant Federal Defender Douglas J. Beevers,

attorneys for LAMONTE ESHAWN PERCOATS, that the status conference scheduled for April

15, 2021, at 10:00 a.m., be vacated and a change of plea hearing be set for May 27, 2021, at

10:00 a.m.

        On March 27, 2020, Congress passed the Coronavirus Aid, Relief, and Economic

Security Act ("CARES Act"). The CARES Act empowered the Judicial Conference of the

United States and Chief District Judges to authorize plea and sentencing hearings by video or

telephonic conference when 1) such hearings "cannot be conducted in person without seriously

jeopardizing public health and safety;" and 2) "the district judge in a particular case finds for

specific reasons that the plea or sentencing in that case cannot be further delayed without serious

harm to the interests of justice." Id.; Pub. L. 116-23 § 15002(b)(2).

On March 29, 2020, the Judicial Conference of the United States made the findings required by the CARES Act, concluding that "emergency conditions due to the national emergency declared by the President under the National Emergencies Act (50 U.S.C. § 1601, et seq.) with respect to the Coronavirus Disease 2019 (COVID-19) have materially affected and will materially affect the functioning of the federal courts generally."

On June 29, 2020, the Chief Judge of this District, per General Order 620, also made the findings required by the CARES Act: "[F]elony pleas under Rule 11 of the Federal Rules of Criminal Procedure and felony sentencings under Rule 32 of the Federal Rules of Criminal Procedure cannot be conducted in person without seriously jeopardizing public health and safety." Accordingly, the findings of the Judicial Conference and General Order 620 establish that plea and sentencing hearings cannot take safely take place in person.

In order to authorize plea hearings by remote means, however, the CARES Act—as implemented by General Order 620—also requires district courts in individual cases to "find, for specific reasons, that felony pleas or sentencings in those cases cannot be further delayed without serious harm to the interests of justice." General Order 620 further requires that the defendant consent to remote proceedings. Finally, the remote proceeding must be conducted by videoconference unless "videoconferencing is not reasonably available." In such cases, district courts may conduct hearings by teleconference.

The parties hereby stipulate and agree that each of the requirements of the CARES Act and General Order 620 have been satisfied in this case. They request that the Court enter an order making the specific findings required by the CARES Act and General Order 620, and setting a remote change of plea hearing for May 27, 2021.

Based upon the foregoing, the parties agree time under the Speedy Trial Act should be from the date the parties stipulated through and including May 27, 2021; pursuant to 18 U.S.C. §3161 (h)(1)(D)[pretrial motions], (h)(7)(A) and (B)(iv)[reasonable time to prepare] and General Order 479, Local Code T4 based upon continuity of counsel and defense preparation.

Counsel and the defendant also agree that the ends of justice served by the Court granting this continuance outweigh the best interests of the public and the defendant in a speedy trial.

1

DATED: April 12, 2021

2

Respectfully submitted,

3

HEATHER E. WILLIAMS
Federal Defender

4

5

*/s/ Douglas J. Beevers*
DOUGLAS J. BEEVERS
Assistant Federal Defender
Attorney for LAMONTE ESHAWN PERCOATS

6

7

DATED: April 12, 2021

8

PHILLIP A. TALBERT
Acting United States Attorney

9

*/s/ Jill M. Thomas*
JILL M. THOMAS
Assistant United States Attorney
Attorney for Plaintiff

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Stipulation and Order

-3-

1

**O R D E R**

2    The Court, having received, read, and considered the parties' stipulation, and good cause

3  appearing therefrom, adopts the parties' stipulation in its entirety as its order. It specifically finds

4  the failure to grant a continuance in this case would deny counsel reasonable time necessary for

5  effective preparation, taking into account the exercise of due diligence.  The Court finds the ends

6  of justice served by granting the requested continuance and outweigh the best interests of the

7  public and defendants in a speedy trial.

8    It is further ordered the April 15, 2021 status conference shall be vacated and a change of

9  plea hearing shall be set for May 27, 2021, at 10:00 a.m.

10    IT IS SO ORDERED.

11  Dated:  April 13, 2021

12

13
_____
MORRISON C. ENGLAND, JR.
SENIOR UNITED STATES DISTRICT JUDGE

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28